IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES L. BIRCHER, ET AL. | § | |
| | § | |
| V. | § | ACTION NO. 4:12-CV-171-Y |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| ET AL. | § | |

ORDER GRANTING MOTION TO DISMISS

Pending before the Court is Defendants' Motion to Dismiss (doc. 5), filed March 30, 2012. The Court GRANTS the motion.

I.  BACKGROUND

On January 31, 2005, plaintiff James L. Bircher ("Bircher") bought real property located at 2128 Nottingham Boulevard, Fort Worth, Texas ("the property"). In conjunction with the purchase, Bircher executed a note and deed of trust in favor of defendant Bank of New York Mellon ("BONY") as the lender.[1] The deed of trust named defendant MERS, Inc. ("MERS"), as the beneficiary. (Notice of Removal Ex. A at PageID 40.)

In 2008, Bircher defaulted on his obligation to repay the note; thus, defendant BAC Home Loans Servicing, L.P. ("BAC"), as MERS's mortgage servicer, began foreclosure proceedings in early 2010. (Notice of Removal Ex. A at PageID 12.) On January 22, 2010, BAC, as MERS's mortgage servicer, assigned its interest in the deed of trust "TOGETHER with note or notes . . . described or referred to [in the deed of trust]" to BONY. (Notice of Removal Ex. A at PageID 57.) On May 4, 2010, the property was sold at a foreclosure sale to BONY. The property was conveyed

---

[1] The original lender was Decision One Mortgage Company, LLC, which later was bought by BONY.

to BONY by a substitute trustee's deed that stated all notices under the Texas Property Code were provided to Bircher. (Notice of Removal Ex. A at PageID63-64.) On October 6, MERS assigned its interest in the deed of trust and the note to BONY. (Notice of Removal Ex. A at PageID 60.)

On February 12, 2012, Bircher and plaintiff Doug Bircher ("Doug Bircher") filed a petition and a suit to quiet title in a Texas state court against, BONY, BAC, and MERS (collectively, "Defendants"), seeking to rescind the foreclosure sale and quiet title to the property in James Bircher and Doug Bircher. The state court denied the Birchers' request to enjoin Defendants' attempt to evict them from the property. (Notice of Removal Ex. A at PageID 78.) Defendants removed the petition to this Court and now seek to dismiss the Birchers' claims.

## II. MOTION TO DISMISS—LACK OF JURISDICTION

Defendants first move to dismiss Doug Bircher's claims because he lacks standing to challenge the indebtedness. *See* Fed. R. Civ. P. 12(b)(1), (h). A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. If a plaintiff lacks standing to raise a claim, this Court has no subject-matter jurisdiction over the claim. *See Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990); *see also Barrett Computer Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989) (recognizing because standing presents jurisdictional question, standing analyzed under standards applicable to court's subject-matter jurisdiction). This Court must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking to invoke it. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

This Court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts. *See St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009). Motions under Rule 12(b)(1) are categorized as either a facial attack or a factual attack upon subject-matter jurisdiction. *See Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 792 (S.D. Tex. 2010). A facial attack requires this Court to inspect the pleadings, taking the allegations in the complaint as true, and determine whether the claimant has sufficiently alleged subject-matter jurisdiction. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In other words, a facial attack simply challenges the court's subject-matter jurisdiction based on the sufficiency of the pleadings. A factual attack, by contrast, denies or controverts the plaintiff's allegations of jurisdiction. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Only uncontroverted factual allegations are accepted as true, and the plaintiff must establish subject-matter jurisdiction by a preponderance of the evidence. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993); *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1991).

  Defendants do not specify which type of attack they bring to Doug Bircher's standing; however, Defendants prevail under either a facial or factual attack. The Birchers' claims attack Defendants' authority to foreclose on the note and the deed of trust. Doug Bircher was not a party to the note or the deed of trust, and the complaint includes no allegation that Doug Bircher was a party to or beneficiary of them. (Notice of Removal Ex. A at PageID 11-12.) Doug Bircher's responsive arguments are unavailing. Doug Bircher does not have standing to attack the mortgage transactions or the foreclosure sale. (Mot. to Dismiss 4-5; Reply 3-4.) Thus, the Court DISMISSES Doug Bircher's claims for lack of jurisdiction.

3

III.  MOTION TO DISMISS—FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted."  This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court.  Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions).  As a result, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Court must accept as true all well pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff.  *See id.*  The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal.  *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 556 (2007).  In short, a plaintiff must "nudge[] his claims across the line from conceivable to plausible." *Id.* at 570.  This requires a plaintiff to establish more than a "sheer possibility" a defendant has acted unlawfully. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Bircher raises claims for violations of the Texas Debt Collection Practices Act ("DCPA"), breach and anticipatory breach of contract, unreasonable collection efforts, negligent misrepresentation, "trafficking unfunded securities," and unjust enrichment.  Bircher also sought (1)

4

to quiet title, (2) an accounting, and (3) a declaration that the deed of trust and note were violated; and brought a trespass to try title claim.

### A. DCPA

Defendants seek dismissal of Bircher's claim regarding violations of certain sections of the DCPA. Section 392.301(a)(8) prohibits a debt collector from threatening to take an action prohibited by law. *See* Tex. Fin. Code Ann. § 392.301(a)(8). Bircher argues that Defendants' threat of foreclosure was such a prohibited action. However, the DCPA expressly allows threats of foreclosure. *See* Tex. Fin. Code Ann. § 392.301(b); *Cole v. U.S. Bank Nat'l Ass'n ND*, No. H-11-2325, 2011 WL 3651029, at *1 (S.D. Tex. Aug. 17, 2011). Thus, Bircher has failed to state an actionable claim against Defendants.

Section 392.303(a)(2) bars debt-collection efforts of unauthorized fees incidental to an obligation. *See* Tex. Fin. Code Ann. § 392.303(a)(2). Bircher alleges that Defendants violated this section by misrepresenting the amounts Bircher owed. Such a claim depends on one of two factors: (1) whether the debt agreement creating the obligation authorizes the charge or (2) whether the charge is permitted by law. *See Williams v. Global Payments Check Servs., Inc.*, No. 3:10-CV-698-L, 2011 WL 6262528, at *3 (N.D. Tex. Dec. 14, 2011) (Lindsay, Dist. J.). Bircher's petition contains scant factual specificity regarding any misrepresented amounts, and Bircher's dismissal response fails to mention section 392.303(a)(2) at all. Bircher has failed to state a plausible allegation of the violation of section 392.303(a)(2).

Section 392.304(a)(19) prohibits a debt collector from using a false representation or deceptive means to collect a debt or obtain information concerning a consumer. *See* Tex. Fin. Code Ann. § 392.304(a)(19). "For a statement to constitute a misrepresentation under the [DCPA], [the

5

defendant] must have made a false or misleading assertion." *See Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010) (Lynn, Dist. J.). As with Bircher's claim under section 392.303(a)(2), Bircher fails to allege any specific misstatements by Defendants and merely asserts in a conclusory manner that Defendants violated section 392.304(a)(19) by the wrongful foreclosure. These bare assertions cannot survive Defendants' motion to dismiss. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) (Lynn, Dist. J.).

Finally, Bircher alleges that because BONY and BAC are debt collectors, they were required by the finance code to be bonded by the Texas Secretary of State. *See* Tex. Fin. Code Ann. § 392.101 (West 2006). Section 392.101 requires third-party debt collectors to be bonded. Under the Fair Debt Collection Practices Act, which the finance code relies on to define its terms, a third-party debt collector does not include a mortgage-servicing company or similar individuals if the debt was not in default at the time it was assigned. *See* 15 U.S.C. § 1692a(6); Tex. Fin. Code Ann. § 392.001(7); *Niera v. Frost Nat'l Bank*, No. 04-09-224-CV, 2010 WL 816191, at *5 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied). Bircher fails to allege that BONY and BAC were third-party debt collectors[2] or that Bircher was in default at the time BAC began servicing the loan. *See Water Dynamics, Ltd. v. HSBC Bank USA Nat'l Assoc.*, No. 4:11-CV-614-A, 2012 WL 34252, at *7 & n.10 (N.D. Tex. Jan. 6, 2012) (McBryde, Dist. J.). Finally, to the extent Bircher's claim relies on his split-the-note theory, that theory is unavailing, as discussed below, and cannot support a claim under section 392.101.

---

[2] Although Bircher alleges BONY and BAC are "debt collectors," he does not allege they are third-party debt collectors. (Notice of Removal Ex. A at PageID 20.) Indeed, there are insufficient facts alleged to show that BONY and BAC are third-party debt collectors.

B.  BREACH AND ANTICIPATORY BREACH OF CONTRACT

Bircher alleges that Defendants cannot enforce the deed of trust and foreclose on the property because MERS is an assignee under the deed of trust, but is not a payee of the note.  (Notice of Removal Ex. A. at Page ID 16-17.)  Bircher argues that the deed of trust does not provide that MERS could transfer the note, which renders the language in the assignment purporting to transfer the note ineffective.

Under Texas law, a deed of trust is a mortgage with a power to sell on default.  *See In re Kleibrink*, 346 B. R. 734, 759 n.23 (Bankr. N.D. Tex. 2006) (Houser, Bankr. C.J.); *Starcrest Trust v. Berry*, 926 S.W.2d 343, 351 (Tex. App.—Austin 1996, no writ).  A mortgage created by a deed of trust is an interest created by a written instrument providing security for payment.  The debt or obligation secured by a mortgage or deed of trust is ordinarily evidenced by a note accompanying the security interest.  *See* 30 Tex. Jur. 3d *Deeds of Trust and Mortgages* §§ 1-2, 41 (2007).  Because the deed of trust or mortgage has no legal effect apart from the debt or obligation, any transfer of the deed of trust without the note automatically passes the debt.  *See Teas v. Republic Nat'l Bank*, 460 S.W.2d 233, 243 (Tex. Civ. App.—Dallas 1970, writ ref'd n.r.e.).  Indeed, the note provides that its protections to the lender are enforced through the deed of trust:

> In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated the same date as this Note, protects the Note Holder from possible losses which might result if [Bircher] do[es] not keep the promises which [Bircher] make[s] in this Note.  That Security Instrument describes how and under what conditions [Bircher] may be required to make immediate payment in full of all amounts [Bircher] owe[s] under this Note.

(Defs. App. 3.)  Further, Texas courts "have refused to conflate foreclosure with enforcement of a promissory note."  *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at

7

*3 (W.D. Tex. July 25, 2011).

The note was executed by Bircher in favor of BONY. Simultaneously, a deed of trust was executed naming MERS as the nominal beneficiary acting on behalf of BONY or its successors and assigns. BAC, as the mortgage servicer, assigned its interest in the deed of trust and the note to BONY. MERS separately assigned its interest in the deed of trust and the note to BONY. These parties were authorized to act and foreclose on the property. *See Wigginton v. Bank of N.Y. Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *2 n.2 (N.D. Tex. July 7, 2011) (Fish, Sr. J.); *Allen v. Chase Home Fin., LLC*, No. 4:11-CV-223, 2011 WL 2683192, at *3-4 (E.D. Tex. June 10, 2011); *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011); *King v. Am. Mortg. Network*, No. 1:09-CV-162-DAK, 2010 WL 3516475, at *3 (D. Utah Sept. 2, 2010). In other words, a transfer of an obligation securing a note also transfers the note because the deed of trust and note are read together to evaluate their provisions. *See Eskridge*, 2011 WL 2163989, at *5. In short, Bircher cannot state a plausible claim for relief that the deed of trust and note were "split," rendering any attempted foreclosure defective. *See Reardean*, 2011 WL 3268307, at *4.

Additionally, Bircher does not have standing to challenge the assignments because he was not a party to those assignments. *Eskridge*, 2011 WL 2163989, at *5. Thus, Bircher's arguments that Defendants did not have authority to foreclose the deed of trust because the deed of trust and note were "split" are without merit.

8

C. UNREASONABLE COLLECTION EFFORTS

To state a claim for unreasonable collection efforts, Bircher must allege that Defendants' debt-collection efforts "amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.). Debt-collection efforts are tortious when lenders attempt to collect debts that are not actually owed. *See Narvaez*, 757 F. Supp. 2d at 635. To determine if a defendant's collection efforts were unreasonable, the Court looks at the facts on a case-by-case basis. *See De Francheschi v. BAC Home Loans Servicing, LP*, No. 3:09-CV-1667-K, 2011 WL 1456849, at *5 (N.D. Tex. Apr. 14, 2011) (Kinkeade, J.).

If money is owed the lender, an unreasonable-collection-efforts claim cannot stand even if the borrower disputes the amount of that debt. *See Narvaez*, 757 F. Supp. 2d at 635. There is no allegation that Bircher was not in default; thus, his claim for unreasonable collection efforts fails. Further, Plaintiffs' claim at most alleges negligence on Defendants' part regarding their collection efforts. Negligence is insufficient to support a claim for unreasonable collection efforts. *See id.* at 636. Thus, Bircher has failed to state a plausible claim for unreasonable collection efforts.

D. NEGLIGENT MISREPRESENTATION

To establish negligent misrepresentation, Plaintiffs must show that (1) the representation was made by a defendant in the course of his business or in a transaction in which he had a pecuniary interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representations. *See Fed. Land Bank. Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Bircher's tort claim for negligent misrepresentation flows from his contractual relationship with Defendants. (Notice of Removal Ex. A. at PageID 25.) But for the existence of this contractual relationship, Bircher's non-contractual claim of negligent misrepresentation would not exist. Texas courts consistently have prohibited tort claims if the parties' relationship and attendant duties arise from a contract. *See, e.g., Quintanilla v. K-Bin, Inc.*, 993 F. Supp. 560, 563 (S.D. Tex. 1998); *Sw. Bell Tel. Co. v. Deanne*, 809 S.W.2d 493, 493-95 (Tex. 1991); *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 777 (Tex. App.—Corpus Christi 2003, no pet.). It is clear that Bircher's negligent-misrepresentation claim sounds in contract; thus, a tort cause of action is unavailable to Bircher. *See i2 Techs., Inc. v. DARC Corp.*, No. 3:02-CV-327-H, 2003 WL 22205091, at *5-6 (N.D. Tex. Sept. 23, 2003) (Sanders, Sr. J.).

### E. UNFUNDED SECURITIES

This claim arises from Bircher's allegation that "Defendants have engaged in selling, assigning or transferring notes that the holder did not fund themselves. Additionally, Defendants attempted to assign a mortgage to a securitized trust that, according to its pooling and servicing agreement[,] was closed to additional assets on September 28, 2005." (Notice of Removal Ex. A at PageID 27.) As argued by Defendants, Bircher does not have standing to challenge the process in which his mortgage was securitized because he was not a party to the pooling-and-servicing agreement. *See Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *4 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.). Thus, Bircher has failed to plead a plausible claim attacking the securitization of the mortgage.

F.  UNJUST ENRICHMENT

Bircher alleges that BONY and BAC "will be unjustly enriched by allowing them to foreclose property that they are neither the note holder nor the true mortgagee." (Notice of Removal Ex. A at PageID 27.) Bircher recognizes in his petition that he, BONY, and BAC are bound together through a contractual relationship. Unjust enrichment is a quasi-contractual claim that is based on the absence of an express agreement. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Under Texas law, there can be no claim for unjust enrichment when there is a binding contract between the parties. *See First Union Nat'l Bank v. Richmont Cap. Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex. App.—Dallas 2005, no pet.). The deed of trust and note preclude a cause of action against Defendants for unjust enrichment.

G.  REQUEST FOR DECLARATORY JUDGMENT AND AN ACCOUNTING

Plaintiffs' claim under the Texas declaratory-judgment act are remedial or dependent on their other claims; thus, it is not an independent cause of action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (West 2008); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). An accounting also is an equitable remedy that is not an independent cause of action. *See Henry v. CitiMortgage, Inc.*, No. 4:11-CV-083, 2011 WL 226166, at *8 (E.D. Tex. May 10, 2011).

H.  QUIET TITLE AND TRESPASS TO TRY TITLE

Bircher also seeks to quiet title in the property in his favor. In seeking to quiet title in the property, Bircher necessarily is challenging an adverse interest that impacts title and possession only indirectly. *See Florey v. Estate of McConnell*, 212 S.W.3d 439, 449 (Tex. App.—Austin 2006, pet. denied). A claim is sufficiently adverse if its assertion would cast a cloud on the owner's enjoyment

of the property. *See Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.). To remove such a cloud, Bircher must "allege right, title, or ownership in [himself] with sufficient certainty to enable the court to see [he] has a right of ownership that will warrant judicial interference." *See Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).

In bringing a trespass-to-try-title suit, Bircher is invoking a statutory procedure by which rival claims to title or right of possession may be adjudicated. *See* Tex. Prop. Code Ann. § 22.001 (West 2000). To raise a plausible claim, Bircher must allege (1) a regular chain of conveyances from the sovereign, (2) superior title out of a common source, (3) title by limitations, or (4) title by possession coupled with proof that possession was not abandoned. *See Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). Bircher must prevail on the basis of the superiority of his title and not on the weakness of Defendants' title. *See id.*

It appears that Bircher alleges the cloud on his title and his superior title arise from Bircher's split-note theory, rendering the foreclosure sale void. But as discussed above, Bircher's theory is not plausible. Thus, Bircher has failed to raise a plausible claim either to try title or to quiet title. Further, these claims are derivative of Bircher's others claims that have been discussed and dismissed above, which would seem to foreclose any recovery raised in a quiet-title or trespass-to-try-title suit. *See, e.g., Richardson v. Wells Fargo Bank, N.A.*, ___ F. Supp. 2d ___, 2012 WL 2511169, at *13 (N.D. Tex. June 29, 2012) (McBryde, Dist. J.).

IV.  CONCLUSION

Doug Bircher does not have standing to attack the validity of the foreclosure sale because he was not a party to the deed of trust or the note.  James Bircher has failed to allege a plausible claim attacking the propriety of Defendants' foreclosure of the property.  Thus, Plaintiffs' claims are DISMISSED.

SIGNED August 9, 2012.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE